FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 APR 23 PM 2:40

U.S. DISTRICT COURT
N.D. OF ALABAMA

GROVER LANE, }
}
    Plaintiff, }
}    CIVIL ACTION NO.
vs. }
}    CV-97-AR-0827-M
INDEPENDENT LIFE AND ACCIDENT }
INSURANCE CO., et al., }
}
    Defendants. }
}

ENTERED

APR 23 1997

**MEMORANDUM OPINION**

    The court has before it a motion by plaintiff, Grover Lane ("Lane"), to remand the above-entitled action to the Circuit Court of St. Clair County, Alabama, from whence it was removed by defendants, Independent Life and Accident Company ("Independent Life"), and Glenn Allen Bain ("Bain"). For the reasons articulated below, the motion is well taken and is due to be granted.

    Plaintiff's complaint alleges claims of fraud, breach of fiduciary duty, and outrage that arise under Alabama tort law. Even so, the non-diverse defendants removed the action to this court premised on their belief that this court could exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants contend that 42 U.S.C. § 1395ss and the Health Insurance and Portability Accountability Act of 1996 ("HIPA") preempt any

state court regulation of certain health care policies and therefore this preempts all of plaintiff's state court causes of action. This court cannot agree.

First, 42 U.S.C. § 1395ss provides private plaintiffs with no causes of action. The statute simply allows the Secretary of Health and Human Services ("Secretary") to police the sale and issuance of insurance policies that supplement or duplicate an existing Medicare policy. The statute vests the Secretary with power to levy fines and seek incarceration for those who violate the statute's proscriptions. Second, the statute itself in no way explicitly preempts plaintiff's causes of action. Third, the statute seeks to cover only a limited type of policy, those providing supplemental and duplicative Medicare coverage. *See* 42 U.S.C. § 1395ss (d)(3)(A)(v), (g)(1) (1997). There is no indication that the policies in question in any way attempt to, let alone succeed, in providing supplemental or duplicative policies as those terms are defined in the statute. Plaintiff complains not about the sale or issuance of any supplemental or duplicative Medicare policy, but rather he complains that Independent Life's policy was rendered virtually worthless before plaintiff became eligible for Medicare benefits. The plaintiff contends that due to some tortious conduct by defendants, plaintiff was compelled to pay money for an unnecessary or worthless policy.

Based on the foregoing, defendants are without power to alter plaintiff's decision to pursue his remedy in a state forum. "The plaintiff is the master of his claim and normally may avoid federal jurisdiction by relying exclusively on state law." *Morales v. Showell Farms, Inc.*, 910 F. Supp. 244, 246 (M.D.N.C. 1995). "A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Kemp v. International Business Machines Corp.*, ___F.3d___, ___, 1997 WL 131323 at *3 (11th Cir. 1997). Accordingly, "a defense which presents a federal question can not create removal jurisdiction." *Id*. Plaintiff here has asserted only state law causes of action and any attempt by defendant to raise a federal defense, even if said defense is provided somewhere in the morass of 42 U.S.C. § 1395ss, cannot infuse into this court removal jurisdiction.

An exception to the well-pleaded complaint rule is the "complete preemption" doctrine that converts certain state claims into federal claims for the purposes of the well-pleaded complaint rule. *Id*. As mentioned above, there is no indication that § 1395ss preempts the types of claims asserted by plaintiff. There is further no indication that the state causes of action and the federal statute, that defendants claim preempt those actions, cannot exist together without contradiction. Both the Eleventh

Circuit and at least two justices of the Supreme Court have expressed views, in the area of ERISA "super-preemption", that claims such as plaintiff's, originally filed in a state court, should and must be decided in a state forum when there is no clear and direct preemption of those claims by a federal statute. See *California Division of Labor Standards v. Dillingham Construction, N.A., Inc.*, __U.S.__, ___, 117 S. Ct. 832, 842-43 (Scalia, J. and Ginsburg, J., concurring); *Kemp,* ___F.3d at ___, 1997 WL 131323 at *3-*4. Accordingly, the case is due to be remanded to the Circuit Court of St. Clair County, Alabama.

A separate and appropriate order will be entered.

DONE this 23 day of April, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT